### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALAN NOWAKOWSKI,

Plaintiff,

v.

MENARD, INC.,

Defendant.

Case No. 22-CV-3947

Judge Mary M. Rowland

### MEMORANDUM OPINION AND ORDER

Plaintiff Alan Nowakowski ("Plaintiff") sues Defendant Menard, Inc. ("Defendant") on one count of negligence.[1] [1]. Defendant moves now for summary judgment. [36]. For the reasons explained below, this Court grants Defendant's motion.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made,

---

[1] The Court has jurisdiction under 28 U.S.C. §1332(a)(1).

the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND

The Court takes the following background facts from Defendant's statements of facts.[2] [37].

---

[2] Defendant's statement of facts is deemed admitted. LR 56.1(b)(3)(A)-(C) requires opposing parties to file corresponding numbered response paragraphs to each of the moving party's numbered paragraphs, and their own statement of short, numbered paragraphs consisting of any additional facts requiring denial of summary judgment. *Plaintiff failed to do so.* Therefore, "[a]ll material facts set forth in the statement [filed by Defendant] … will be deemed admitted". LR 56.1 (b)(3)(C). *See Walridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (affirming the entry of summary judgment when the non-movant failed to comply with local rules and "thereby conceded the movant's version of the facts.").

Plaintiff initially filed this action in state court. *Id.* ¶ 1. Defendant timely removed this action to federal court. *Id.*

Defendant operates a retail store located at 6401 Grand Avenue, Gurnee, Lake County, Illinois ("Gurnee Menards"). *Id.* ¶ 4. Plaintiff was a guest of the Gurnee Menards on June 26, 2020. *Id.* ¶ 5.

Plaintiff arrived at the Gurnee Menards around 10:27 am. *Id.* ¶ 6. The incident at issue was caught by surveillance cameras. *Id.* ¶ 7. At that time, four long rectangular black rugs and one smaller square black rug were placed near the front entrance perpendicular to the sliding entrance doors. *Id.* ¶ 8. The rugs were laid on top of white tile flooring. *Id.* ¶ 9. One of the long rectangular rugs was centered in front of the sliding entrance doors to the store. *Id.* ¶ 10. The rugs were out because it was raining that morning. *Id.* ¶¶ 11-12. This was consistent with Menard's store practice of placing rugs out when there are wet weather conditions. *Id.* ¶ 13.

Front-end manager Aleksandra Gudelj testified that at the time Plaintiff entered the store, the rugs had a few small wrinkles, but were in "okay" condition. *Id.* ¶ 14. She further testified that she felt it was safe to place the rugs down on the floor of the entrance. *Id.* ¶ 15. At approximately 10:27 a.m., Plaintiff entered the Gurnee Menards and began walking into the store over the rug centered in front of the sliding entrance doors. *Id.* ¶ 16. Plaintiff did not notice any wrinkles in the rug centered in front of the doors when he walked into the store. *Id.* ¶ 17. As Plaintiff walked across the rug, his left foot caught it, and he stumbled slightly but did not fall. *Id.* ¶¶ 18-19. He then turned to his right, looked briefly at the rug, and continued

3

to walk into the store. *Id*. ¶ 20. Plaintiff next stopped near the back of the row of products located next to the cart corral. *Id*. ¶ 21. Within thirty seconds of his stumble, Plaintiff walked back to the rug and took photos of the rug area. *Id*. ¶¶ 21-22. After taking the photos, Plaintiff turned back in toward the store and continued inside. *Id*. ¶ 23. Plaintiff did not attempt to fix the rug because, according to his testimony, it was not "doubled over" and "[t]here was nothing to straighten out." *Id*. ¶ 24. Plaintiff did not think the rug could be fixed. *Id*. ¶ 25.

Plaintiff did not report the wrinkle in the rug to any employee before leaving the area. *Id*. ¶ 26. He then spent approximately eight minutes in the Gurnee Menards before returning to his truck. *Id*. ¶ 27. Even though Plaintiff stopped by a Gurnee Menards employee stationed in front of the exit of the store on his way out, Plaintiff did not report any issue with the front entrance rug or that he stumbled. *Id*. ¶¶ 28-29. Once in his truck in the Gurnee Menards parking lot, Plaintiff called the store to report an injury. *Id*. ¶ 30. Shortly after, Gudelj met Plaintiff at his truck to gather his information. *Id*. ¶ 31.

Gudelj has worked for Defendant since 2001. *Id*. ¶ 32. She was a Front-End Manager ("FEM") for Menard, Inc. for five to six years prior to the subject incident. *Id*. ¶ 33. As a FEM for Gurnee Menards, Gudelj is one of the team members tasked with keeping the store in a safe condition for customers. *Id*. ¶ 35. Part of her duties include taking any guest reports of injury. *Id*. ¶ 36. Gudelj was not aware of any other guest aside from Plaintiff complaining of or reporting an injury from a trip, slip, or fall over a wrinkle in a rug at the Gurnee Menards. *Id*. ¶ 37. Indeed, prior to working

4

at Gurnee Menards, Gudelj worked for Defendant for approximately 15 years. In her 20 years working for Defendant, Gudelj was not aware of any guest complaining or reporting an injury from a trip, slip or fall over a wrinkle in a rug at any time. *Id*. ¶ 38.

As evidenced by the video of the incident, approximately nine guests and team members walked over the same area of the rug that appeared in substantially the same condition after Plaintiff entered the store. *Id*. ¶ 39. In the three and a half minutes after Plaintiff stumbled on the rug, none of the other nine guests that walked over the same area tripped, slipped, or fell on it. *Id*. ¶ 40. Further, none of the guests fixed or modified the wrinkle in the rug. *Id*.

Plaintiff brings his complaint under a negligence and premises liability theory, alleging that Defendant's careless and/or negligent failure to maintain the premises in a safe condition proximately caused him injury and damage. [1]. Defendant denies liability and moves for summary judgment [36].

## ANALYSIS

Defendant argues that: (1) there is no evidence that Defendant had either actual or constructive notice that the condition of the rug created an unreasonable risk of harm, (2) Plaintiff cannot show that the rug was negligently placed, (3) even

if the wrinkle in the rug presented as a defective condition, the defect was *de minimis* and not actionable [38]. The Court analyzes each argument in turn below.

## I. Premises liability requires notice

Under Illinois law, property owners owe their invitees a duty to maintain the premises in a reasonably safe condition. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). To prevail in a premises liability action, a plaintiff must show (1) the existence of a condition that presents an unreasonable risk of harm; (2) defendant knew, or should have known, that the condition posed an unreasonable risk of harm; (3) the defendant should have anticipated that individuals on the premises would fail to discover or recognize the danger; (4) a negligent act or omission on the part of the defendant; (5) injury suffered by plaintiff; and (6) that the condition of the property was a proximate cause of the injury to plaintiff. *Id.* If a landowner, here Menard, did not have actual or constructive knowledge of the dangerous or defective condition that caused Plaintiff's injury, there is no premises liability. *Hanna v. Creative Designers, Inc.*, 63 N.E.3d 1036, 1046 (Ill.App.Ct.2016); *Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 666 (Ill.App.Ct.2000). Defendant argues that it did not have actual *or* constructive notice. [38] at 5-8. The Court agrees.

A defendant has actual notice when its employees have actual knowledge of the dangerous or defective condition. *See Shub v. Residence Inn by Marriott, LLC*, 2022 WL 888940, at *3 (N.D. Ill. Mar. 25, 2022) (finding the plaintiff did not establish actual knowledge because the record was devoid of evidence that

defendant knew of any liquid until *after* the plaintiff fell). "Constructive knowledge can be established by presenting evidence that (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Barrios v. Fashion Gallery, Inc.*, 255 F. Supp. 3d 278, 731 (N.D. Ill. 2017) (citing *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014)). Where a plaintiff alleges a defendant had constructive knowledge, timing is "of critical importance". *Torrez v. TGI Friday's, Inc.,* 509 F.3d 808, 811 (7th Cir. 2007) (citing *Tomczak,* 735 N.E.2d at 667). Absent any evidence demonstrating the length of time that the defective condition was present, a plaintiff cannot establish constructive notice. *Tomczak*, 735 N.E.2d at 668.

Here, there is no evidence that Defendant had actual knowledge. No one, including Plaintiff, told anyone working at the Gurnee Menards that the rug had a wrinkle in it that could cause someone to stumble, trip or fall. Nor does the record indicate that any Gurnee Menards employee saw the wrinkle in the rug before Plaintiff stumbled. Further, Gudelj testified that in her twenty years working for Defendant, she was not aware of any guest complaining or injuring themselves because of a wrinkled rug. [37-7] at 52:10-14. Defendant therefore did not have actual knowledge. Plaintiff disagrees, arguing that Defendant had actual knowledge of the rug's wrinkle because a Gurnee Menards' employee placed the rug in the entranceway. But this is speculation by Plaintiff and is therefore not sufficient. The rug may have wrinkled when a guest stepped over it, or when a cart rolled over it.

The record offers no evidence either way, and it is well established that speculation cannot defeat summary judgment. *See e.g.*, *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2014) ("inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.") (internal citation omitted).

Plaintiff also offers no evidence as to how long the wrinkle was present in the rug before Plaintiff stumbled on it. This is fatal to his argument that Defendant had constructive notice. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481082 (7th Cir. 2008) is instructive. There, the Seventh Circuit explained that the plaintiff failed to meet her burden of showing Kohl's constructive notice, i.e., that the foreign substance (a milkshake) which caused her fall "had been on the floor for such a length of time that Kohl's should have discovered it". *Id*. at 482. So too here. Without evidence that the wrinkle in the rug was present for sufficient time to allow a Gurnee Menards employee to notice it, Plaintiff cannot prove constructive notice. Plaintiff has also offered no evidence that Gurnee Menards was on notice of a recurring issue with its rugs. Indeed, the record supports the opposite conclusion— no one had stumbled, tripped, or fallen on one of Gurnee Menards' rugs prior to Plaintiff.

Plaintiff cannot establish an element of premises liability and Defendant is entitled to summary judgment.

## II. Negligent placement creating a hazardous condition

Defendant next argues that under a theory of "ordinary negligence", liability can only attach through a showing that a defendant negligently created a hazardous

condition. [38] at 9. Defendant relies on a case that acknowledges the use of floor mats is reasonable and "the fact that a person trips on one of them is no evidence of negligence." *Porges v. Wal-Mart Stores, Inc.*, 2011 WL 939922, at *8 (N.D. Ill. March 15, 2011) citing *Robinson v. Sw Bell Tel. Co.,* 167 N.E.2d 793, 796 (Ill.App.Ct.1960).

Plaintiff counters that the rug was placed in a way that created the dangerous condition. "To determine whether the floor mats were negligently placed, the Court looks to the manner in which the floor mats were installed; the condition of the floor mats and their level of maintenance; and whether the property owner was on notice of the mat's condition." *Porges*, 2011 WL 939922 at *8. Plaintiff has the burden of showing that the defendant placed the rug on the floor in a rumpled manner or put defective mats on the store floor. "For negligent placement, it is insufficient to merely show that this type of floor mat becomes rumpled after customers walk on it." *Johnson v. U.S.,* 1999 WL 446694 at *4 (N.D.Ill.1999) (citing *Grimm v. Arnold,* 624 N.E.2d 432 (Ill.App.Ct.1993)); *but see Wind v. Hy-Vee Food Stores, Inc.*, 650 N.E.2d 258 (Ill.App.Ct.1995) (finding negligent placement where evidence suggested the mats were poorly maintained and in poor condition, and the defendant was on notice of same).

Here, there is no evidence that the rugs were installed improperly and not according to the store's practice. Further, the record is devoid of evidence that there were any defects in the rug or any customer complaints about it. In *Porges* the court found there was an absence of evidence that the mat Porges tripped on was worn out or in otherwise poor condition. *Porges*, 2011 WL 939922 at *9. So too here. Plaintiff's

claim is doomed because of the failure to offer evidence to show that the rug he stumbled on was defective, negligently installed, or poorly maintained, coupled with the fact that a person tripping on an ordinary floor mat or rug is no evidence of negligence. *Robinson*, 167 N.E.2d at 796. There is no evidence for a rational jury to find that Gurnee Menards created a hazardous condition.

### III.   *De Minimis defect*

Defendant argues to the extent a defect did exist in the rug, it was *de minimis* and is not actionable. [38] at 10-11. Plaintiff argues that the wrinkle in the rug was not *de minimis* and caused Plaintiff's injury. [41] at 5-6.

The *de minimis* rule originated in cases finding that municipalities did not "have a duty to keep all sidewalks in perfect condition at all times". *St. Martin v. First Hospitality Group, Inc.*, 9 N.E.3d 1221, 1225 (Ill.App.Ct.2014) (internal citations omitted). The *St. Martin* court noted the rule was previously extended to private landowners. *Id*.

Here, the evidence supports that Defendant placed rugs on the floor when there were rainy weather conditions to improve the safety of the Gurnee Menards' entrance, and ironically *prevent* anyone from slipping or falling. While the rug at issue did have a slight wrinkle in it, it "did not constitute a hazard of any consequence." *Robinson*, 167 N.E.2d at 796. Plaintiff himself did not report the wrinkle, he did not fix the wrinkle, and no other guest or Gurnee Menards employee tripped, slipped, or fell on the wrinkle. This indicates the wrinkle was minor enough that it was *de minimis* and is not actionable.

10

**CONCLUSION**

For the reasons explained above, this Court grants Defendant's motion for summary judgment [36]. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff. Civil Case terminated.

E N T E R:

Dated: March 4, 2024

_____
MARY M. ROWLAND
United States District Judge

11